

Legal Counsel.

DINSMORE & SHOHL LLP
211 North Pennsylvania Street, Suite 1800
Indianapolis, IN 46204
www.dinsmore.com

John D. Waller
317-860-5375 (direct)
John.Waller@dinsmore.com

November 17, 2022

The Honorable Gary R. Brown
100 Federal Plaza
Courtroom 840
Central Islip, NY 11722-9014

      Re:    *Merchants Bank of Indiana v. Sprout Mortgage, LLC* (Cause No. 2:22-cv-04480-GRB-SIL) – Plaintiff's Motion for Summary Judgment

Dear Honorable Judge Brown:

      Pursuant to Your Honor's Individual Practice Rule II(f), Merchants Bank of Indiana ("Merchants") respectfully requests a pre-motion conference regarding its desire to file a motion for summary judgment against Sprout Mortgage, LLC ("Sprout") in this straightforward breach of contract case. As set forth below, the operative facts are not in dispute. On April 7, 2022, Merchants paid $1,211,889.82 to Sprout to buy a loan under a mortgage loan purchase agreement. Three weeks later, the borrowers paid off the loan in full by sending funds to Sprout. Sprout admits that Merchants is entitled to $1,235,144.28 under the parties' contract, but Sprout refuses to remit the funds.

      In support of its anticipated motion, and pursuant to Your Honor's rules, Merchants has contemporaneously filed a Rule 56.1 Statement ("Statement").

## Factual Background

      On November 30, 2021, Sprout entered into a Mortgage Loan Purchase Agreement ("MLPA") whereby it agreed to sell PRMI Trust ("PRMI") certain residential mortgage loans. Statement ¶ 1. The MLPA is governed by the state laws of New York. *Id.* ¶ 2. PRMI subsequently assigned its rights under the MLPA to Merchants. *Id.* ¶ 3. Pursuant to the MLPA, on April 7, 2022 ("Closing Date"), Merchants purchased a Mortgage Loan[1] from Sprout for $1,211,889.82. *Id.* ¶ 6. Merchants wired payment to Sprout, and in return, Sprout assigned the Mortgage Loan to Merchants. *Id.* ¶¶ 7 – 9.

      On April 28, 2022, Sprout informed Merchants that it received a full payoff for the Mortgage Loan. *Id.* ¶¶ 10 – 11. Under the MLPA, Merchants is entitled to the payoff of $1,219,956.78 ("Payoff"). *Id.* ¶ 13. Sprout admits that it owes Merchants the Payoff, but Sprout has failed to send the funds to Merchants. *Id.* ¶¶ 14, 16. Under the MLPA, Sprout also is obligated to pay Merchants a Prepayment Penalty (defined in the MLPA) in the amount of $15,187.50 because the payoff occurred

---

[1]The Mortgage Loan consisted of (1) a Note executed by Eva C. Ganz and William E. Oldenhoff [the "Borrowers"] in favor of Sprout for the principal amount of $1,215,000.00, and (2) a Deed of Trust that secured the Note and was recorded in Los Angeles (California) County on March 11, 2022. Statement ¶¶ 4 – 5.

within ninety days of the Closing Date. *Id.* ¶ 15. There is no dispute that Sprout owes Merchants the Payoff and the Prepayment Penalty, which together total $1,235,144.28. *Id.* ¶¶ 13 – 15.

## Procedural Background

Merchants filed its complaint on July 29, 2022. The parties filed a stipulation extending the deadline for Sprout to file its response to the complaint until September 23, 2022. Document 13-1. Sprout has failed to file an answer or otherwise respond to the complaint. Sprout has waived any challenge to sufficiency of service of process, personal jurisdiction and venue. Document 13-1.

## Basis for Motion

"Summary judgment is appropriate 'if the pleadings . . . together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Rexnord Holdings v. Bidermann*, 21 F.3d 522, 525 (2d Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986)). "A fact is material if it might affect the outcome of the suit under the governing law, and an issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Ramos v. Baldor Specialty Foods, Inc.*, 687 F.3d 554, 558 (2d Cir. 2012) (internal quotation marks and citations omitted). Under New York law, which governs the MLPA, "the elements of a breach of contract claim are (1) the existence of a contract, (2) performance by the party seeking recovery, (3) breach by the other party, and (4) damages suffered as a result of the breach." *Morrison v. Buffalo Bd. of Educ.*, 741 F. App'x 827, 829 (2d Cir. 2018).

Here, the undisputed material facts demonstrate that Merchants has satisfied each of the four elements of its claim and is entitled to judgment as a matter of law. First, the existence of the MLPA cannot be contested. Statement ¶¶ 1, 3. Second, Merchants performed under the MLPA by paying Sprout for the Mortgage Loan. *Id.* ¶¶ 6 –7. Third, among other provisions, Sprout has breached Sections 3(d) and 7(d) of the MLPA by failing to remit the Payoff and Prepayment Penalty to Merchants. *Id.* ¶¶ 13, 15 –16, 21. Fourth, as a result of Sprout's breach, Merchants has incurred damages in the amount of $1,235,144.28. *Id.* ¶¶ 13, 15.

For the stated reasons, Merchants respectfully submits it is entitled to summary judgment in its favor. We look forward to further discussing Merchants' motion with the Court during the pre-motion conference. Thank you.

Very Truly Yours,

John D. Waller