



DINSMORE & SHOHL LLP
211 North Pennsylvania Street, Suite 1800
Indianapolis, IN 46204
www.dinsmore.com

John D. Waller
317-860-5375 (direct)
John.Waller@dinsmore.com

January 17, 2023

The Honorable Steven I. Locke
100 Federal Plaza, Courtroom 820
Central Islip, NY 11722

    Re:    *Merchants Bank of Indiana v. Sprout Mortgage, LLC* (Cause No. 2:22-cv-04480-GRB-SIL) – Objection to Request to File Untimely Pleadings ECF No. 20.

Dear Honorable Judge Locke:

    In accordance with Individual Rule 4(A)(i), Merchants Bank of Indiana ("Merchants") respectfully objects to Sprout Mortgage, LLC's ("Sprout") request for leave to file an untimely answer and permissive counterclaim. ECF No. 20. In support Merchants states:

    This is a straightforward case arising from Merchants' purchase of a mortgage loan from Sprout, which then failed to remit the borrowers' payoff to Merchants. On April 7, 2022, Merchants paid $1,211,889.82 to acquire the subject loan[1] ("Ganz Loan") under the Sprout/Merchants mortgage loan purchase agreement. Three weeks later, the borrowers paid off the loan in full by sending funds to Sprout, which admits that Merchants is entitled to the funds. At no point since the filing of this lawsuit has Sprout substantively contested that it owes the payoff to Merchants. Now, one month away from the conference on Merchants' proposed motion for summary judgment, Sprout seeks to derail this litigation by untimely answering the complaint and filing a counterclaim (related to an entirely separate loan transaction).[2]

## Procedural Background

    On July 29, 2022, Merchants filed a six-page complaint against Sprout that contains a single count for breach of contract arising from Sprout's failure to transmit the payoff it received from the borrowers. Sprout's agent was personally served with the complaint on August 3, 2022, over five months ago. Sprout's original deadline to respond the complaint was August 23, 2022. Merchants agreed to give Sprout an additional 30 days to prepare an answer, and the parties stipulated to extending Sprout's response deadline until September 23, 2022, about 15 weeks ago.

    Sprout let its September 23 response deadline pass without filing an answer or an additional request for extension of time. On November 17, 2022, Merchants filed a pre-motion for summary

---

[1] The Ganz Loan consisted of (1) a Note executed by Eva C. Ganz and William E. Oldenhoff [the "Borrowers"] in favor of Sprout for the principal amount of $1,215,000.00, and (2) a Deed of Trust that secured the Note and was recorded in Los Angeles (California) County on March 11, 2022.

[2] Sprout did not confer with the undersigned before filing its January 11, 2023 letter motion as required under Individual Rule 4(A)(i).

judgment letter requesting a hearing and attaching evidence that shows there is no issue of material fact and Merchants is entitled to judgment as a matter of law.  Judge Brown set a conference on Merchants' proposed motion for summary judgment for February 17, 2023 and directed Sprout to prepare its response by December 5, 2022.

After an extension, Sprout filed its response letter on December 16, which contained a counterstatement of facts.  In its letter, Sprout asked that instead of assessing Merchants' proposed motion for summary judgment on February 17, the conference should be used to consider Sprout's forthcoming motion for leave to file an untimely answer and counterclaims.  Judge Brown accepted Sprout's counterstatement of facts, but directed Sprout to file any request for leave with Magistrate Judge Locke in accordance with his individual rules.  On January 11, 2023, 110 days after its response deadline expired, Sprout filed its letter seeking an extension to file an answer and permissive counterclaim.

### Factual Background

Sprout's request for leave one month before the conference on Merchants' proposed motion for summary judgment is a delay tactic.  Sprout falsely states that the parties were close to settlement and thought it would receive unlimited extensions to file its answer.  Attached as **Exhibit 1** is an email chain between undersigned counsel for Merchants and counsel for Sprout.  On October 13, 2022, counsel stated "Merchants isn't interested in Sprout's offer and is unwilling to agree to any further extension of time. (The answer was due on 9/23)."  Sprout came back to the well in late October 2022, and counsel's response was the same: "Merchants is not interested in the proposal. . . . As a professional courtesy, please be advised that we will initiate the summary judgment process in the coming days."  Sprout's suggestion that the parties were close to settlement and it was caught off guard by Merchants' summary judgment filing is blatantly untrue.

### Argument

Since Sprout's deadline to respond to the complaint expired over three months ago, Federal Rule of Civil Procedure 6 requires Sprout to show that there is good cause for granting it an extension and that its failure to act was because of excusable neglect.  There are four factors a court should consider when determining whether a party has shown excusable neglect "[1] the danger of prejudice to the [opposing party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was in the reasonable control of the movant, and [4] whether the movant acted in good faith." *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 228 (2d Cir. 2004) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 123 L. Ed. 2d 74, 113 S. Ct. 1489 (1993)).  A court's determination regarding an extension of time is reviewed under an abuse of discretion standard. *Tancredi*, 378 F.3d at 226.

Here, Merchants will be significantly prejudiced if the Court permits Sprout to file an untimely answer and counterclaim.  Merchants is on track to obtain summary judgment in the upcoming weeks, and it is important for Merchants to obtain a judgment as soon as possible.  Sprout has admitted its

January 17, 2023
Page 3

business is no longer operational.[3]  In turn, Merchants has serious concerns about collectability, including what Sprout has done with the payoff for the Ganz Loan.  For Merchants to have an opportunity to recover the payoff, it is essential that it receives a timely judgment on its claim.

Allowing Sprout's proposed counterclaim would effectively restart these proceedings.  While this matter could be resolved by summary judgment in the coming weeks, Sprout's proposed counterclaim will result in responsive pleadings as well as potential discovery and motions practice.  Rather than resolving this case in weeks, permitting Sprout's permissive counterclaim in particular would delay proceedings for several months, if not longer—which is Sprout's goal.

There is no just reason for delay.  Sprout first appeared in this case on August 24, 2022.  As early as October 13, Merchants told Sprout that it was not interested in its settlement offer and would not agree to any further extensions.  The undersigned counsel reminded Sprout that its response deadline was September 23, 2022, but rather than preparing an answer to the one-count complaint in a timely manner, Sprout waited until it was faced with a motion for summary judgment—110 days after its response deadline expired—before seeking leave to file a response.

Sprout has not acted in good faith, as its alleged counterclaim/affirmative defense are without merit.  In short, Sprout asserts that, although it admittedly pocketed over $1 million that belonged to Merchants on the Ganz Loan, approximately a month later Merchants should have given Sprout more than $800,000 for a separate loan, the Yates loan.  David Akre's declaration conveniently fails to mention that Sprout never transferred the Yates loan to Merchants.  Section 4 of the mortgage loan purchase agreement required Sprout to transfer the mortgage to Merchants *before* Merchants would transfer payment.  Sprout never transferred the Yates loan to Merchants and let the transaction expire on July 11, 2022.   Importantly, Sprout has not been damaged as it still owns the Yates loan and thus is entitled to collect principal and interest payments.

The present relief Sprout requests is not comparable to setting aside a default judgment.  Sprout responded to Merchants' motion for summary judgment by filing its own counterstatement of facts and will have an additional opportunity to respond at the pre-motion conference on February 13.  To the extent Sprout believes it has a claim related to the Yates loan, it is free to bring such claim in a separate lawsuit.  Since Sprout has not demonstrated excusable neglect for its delay and it will still have an opportunity to defend itself and file a separate lawsuit on the Yates loan, Sprout's request for leave to file an untimely answer and counterclaim should be denied.

Very Truly Yours,

John D. Waller

---

[3] Sprout's December 2, 2022 Letter to Judge Brown.  ECF No. 18.

**Archived:** Sunday, January 15, 2023 3:33:19 PM
**From:** Waller, John
**Sent:** Thursday, November 3, 2022 10:01:22 AM
**To:** Nathan R. Jones
**Cc:** Gerard R. Luckman; Patton, David
**Subject:** RE: Merchants Bank of Indiana v. Sprout Mortgage, LLC, 2:22-cv-04480-GRB-SIL (EDNY)
**Sensitivity:** Normal

---

Nate,

Merchants is not interested in the proposal.  Its not inconceivable that the bank may later entertain some kind of out-of-court resolution if your client would disclose to us, with supporting documentation, exactly where the loan payoff funds went and exactly why the funds were not remitted to Merchants.

As a professional courtesy, please be advised that we will initiate the summary judgment process in the coming days.

John



**John D. Waller**
Partner
**Dinsmore & Shohl LLP   Legal Counsel**
211 North Pennsylvania Street, Suite 1800, Indianapolis, IN 46204
**T** (317) 860-5375    **F** (317) 639-6444

---

**From:** Nathan R. Jones <NJones@ForchelliLaw.com>
**Sent:** Wednesday, October 26, 2022 4:44 PM
**To:** Waller, John <John.Waller@DINSMORE.COM>
**Cc:** Gerard R. Luckman <gluckman@ForchelliLaw.com>
**Subject:** RE: Merchants Bank of Indiana v. Sprout Mortgage, LLC, 2:22-cv-04480-GRB-SIL (EDNY)

John,

Just following up on our call last week to see if your clients have responded to the updated settlement proposal.

Thanks,

Nathan R. Jones
Partner

**FDT | FORCHELLI DEEGAN TERRANA**
A Limited Liability Partnership
333 Earle Ovington Blvd., Suite 1010
Uniondale, New York 11553
Phone: 516-812-6232
Fax: 516-750-6415
E-Mail: njones@ForchelliLaw.com
Connect On LinkedIn
WWW.FORCHELLILAW.COM

# Exhibit 1

The contents of this communication are confidential and/or legally privileged. If you are not the intended recipient of this communication, please notify the sender as soon as possible. Thank you.

**From:** Waller, John <John.Waller@DINSMORE.COM>
**Sent:** Wednesday, October 19, 2022 11:39 AM
**To:** Nathan R. Jones <NJones@ForchelliLaw.com>
**Subject:** RE: Merchants Bank of Indiana v. Sprout Mortgage, LLC, 2:22-cv-04480-GRB-SIL (EDNY)

Nate  Im generally open today but for a 1:15 pm call that will last about 30 minutes.  John



**John D. Waller**
Partner
Dinsmore & Shohl LLP    Legal Counsel
211 North Pennsylvania Street, Suite 1800, Indianapolis, IN 46204
**T** (317) 860-5375     **F** (317) 639-6444

**From:** Nathan R. Jones <NJones@ForchelliLaw.com>
**Sent:** Monday, October 17, 2022 4:34 PM
**To:** Waller, John <John.Waller@DINSMORE.COM>
**Cc:** Patton, David <David.Patton@DINSMORE.COM>; Salcedo, Eddy <ESalcedo@seyfarth.com>; Gerard R. Luckman <gluckman@ForchelliLaw.com>
**Subject:** RE: Merchants Bank of Indiana v. Sprout Mortgage, LLC, 2:22-cv-04480-GRB-SIL (EDNY)

John,

Let us know if you are available for a call this afternoon or tomorrow morning.

Thanks,


Nathan R. Jones
Partner



A Limited Liability Partnership
333 Earle Ovington Blvd., Suite 1010
Uniondale, New York 11553
Phone: 516-812-6232
Fax: 516-750-6415
E-Mail: njones@ForchelliLaw.com
Connect On LinkedIn
WWW.FORCHELLILAW.COM

The contents of this communication are confidential and/or legally privileged. If you are not the intended recipient of this communication, please notify the sender as soon as possible. Thank you.

**From:** Waller, John <John.Waller@DINSMORE.COM>
**Sent:** Thursday, October 13, 2022 2:32 PM
**To:** Nathan R. Jones <NJones@ForchelliLaw.com>
**Cc:** Patton, David <David.Patton@DINSMORE.COM>; Salcedo, Eddy <ESalcedo@seyfarth.com>
**Subject:** RE: Merchants Bank of Indiana v. Sprout Mortgage, LLC, 2:22-cv-04480-GRB-SIL (EDNY)

Nate,

We spoke to our client team today.  Merchants isnt interested in Sprouts offer and is unwilling to agree to any further extension of time.  (The answer was due on 9/23.)

John



**John D. Waller**
Partner
**Dinsmore & Shohl LLP    Legal Counsel**
211 North Pennsylvania Street, Suite 1800, Indianapolis, IN 46204
**T** (317) 860-5375    **F** (317) 639-6444

**From:** Nathan R. Jones <NJones@ForchelliLaw.com>
**Sent:** Wednesday, October 12, 2022 1:49 PM
**To:** Waller, John <John.Waller@DINSMORE.COM>
**Cc:** Patton, David <David.Patton@DINSMORE.COM>; Gerard R. Luckman <gluckman@ForchelliLaw.com>
**Subject:** Merchants Bank of Indiana v. Sprout Mortgage, LLC, 2:22-cv-04480-GRB-SIL (EDNY)

John,

Thanks for returning my call. As discussed, this email reiterates the proposed settlement terms.

[REDACTED]

Please let me know if your client is interested in exploring potential resolution on such terms or if they have a counter proposal. Also on our call, I requested an extension of my clients time to respond to provide an opportunity to work out a settlement. Let me know if you have any updated response to that as well.

Best,


Nathan R. Jones
Partner



A Limited Liability Partnership
333 Earle Ovington Blvd., Suite 1010
Uniondale, New York 11553
Phone: 516-812-6232
Fax: 516-750-6415
E-Mail: njones@ForchelliLaw.com
Connect On LinkedIn
WWW.FORCHELLILAW.COM

The contents of this communication are confidential and/or legally privileged. If you are not the intended recipient of this communication, please notify the sender as soon as possible. Thank you.

NOTICE: This electronic mail transmission from the law firm of Dinsmore & Shohl may constitute an attorney-

client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record can be corrected.