**FORCHELLI DEEGAN TERRANA LLP**
By: Nathan R. Jones
333 Earle Ovington Blvd., Suite 1010
Uniondale, New York 11553
Tel. (516) 248-1700
Fax (516) 750-6415
Email: njones@forchellilaw.com

*Attorneys for Defendant Sprout Mortgage, LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MERCHANTS BANK OF INDIANA,

     Plaintiff,

  vs.

SPROUT MORTGAGE, LLC,

     Defendant.

Case No. 9:22-cv-04480-GRB-SIL

**ANSWER WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendant Sprout Mortgage, LLC ("Sprout"), by their attorneys, Forchelli Deegan Terrana LLP, as and for an Answer to the Complaint filed by Plaintiff Merchants Bank of Indiana ("MBIN") on July 29, 2022 (the "Complaint"), hereby alleges as follows:

## NATURE OF THE ACTION

1. The allegations in paragraph 1 of the Complaint contain legal conclusions, but to the extent a response is required, denies the allegations contained therein and respectfully refers all questions of law for the interpretation of this Court.

2. Denies the allegations contained in paragraph 2 of the Complaint.

## PARTIES

3. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 3 of the Complaint.

4. Denies the allegations contained in paragraph 4 of the Complaint, except admits that Sprout Mortgage, LLC is a Delaware limited liability company which previously maintained a place of business at 90 Merrick Avenue, East Meadow, NY 11554.

**JURISDICTION AND VENUE**

5. The allegations in paragraph 5 of the Complaint contain legal conclusions, but to the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained therein and respectfully refers all questions of law for the interpretation of this Court.

6. The allegations in paragraph 6 of the Complaint contain legal conclusions, but to the extent a response is required, respectfully refers all questions of law for the interpretation of this Court.

7. Denies the allegations contained in paragraph 7 of the Complaint.

**FACTUAL ALLEGATIONS**

8. Admits the allegations contained in paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 9 of the Complaint and respectfully refer to the MLPA for an accurate depiction of its contents and for this Court's interpretation.

10. Admits the allegations contained in paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 11 of the Complaint and respectfully refer to the Note for an accurate depiction of its contents and for this Court's interpretation.

12. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 12 of the Complaint and respectfully refer to the Deed of Trust for an accurate depiction of its contents and for this Court's interpretation.

13. Admits the allegations contained in paragraph 13 of the Complaint.

14. Admits the allegations contained in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 15 of the Complaint.

16. Admits the allegations contained in paragraph 16 of the Complaint.

17. Admits the allegations contained in paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 18 of the Complaint and respectfully refers to the Allonge for an accurate depiction of its contents and for this Court's interpretation.

19. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 20 of the Complaint and respectfully refers to the MLPA for an accurate depiction of its contents and for this Court's interpretation.

21. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 21 of the Complaint and respectfully refers to the MLPA for an accurate depiction of its contents and for this Court's interpretation.

22. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 22 of the Complaint and respectfully refers to the MLPA for an accurate depiction of its contents and for this Court's interpretation.

23. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 23 of the Complaint and respectfully refers to the MLPA for an accurate depiction of its contents and for this Court's interpretation.

24. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 24 of the Complaint, except admits that Sprout received the Payoff funds on April 28, 2022.

25. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 25 of the Complaint and respectfully refers to the MLPA for an accurate depiction of its contents and for this Court's interpretation.

26. Denies the allegations contained in paragraph 26 of the Complaint, except admits that the Payoff funds were not remitted to MBIN.

27. Denies the allegations contained in paragraph 27 of the Complaint and respectfully refers to the MLPA for an accurate depiction of its contents and for this Court's interpretation.

28. Denies the allegations contained in paragraph 28 of the Complaint.

## CLAIM FOR RELIEF – BREACH OF CONTRACT

29. With respect to paragraph 29 of the Complaint, repeats and reincorporates the responses to paragraphs 1 through 28 of the Complaint as if fully set forth herein.

30. The allegations in paragraph 30 of the Complaint contain legal conclusions, but to the extent a response is required, admits and refers to the MLPA for an accurate depiction of its contents and refers the MLPA and all questions of law to this Court's interpretation.

31. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 31 of the Complaint and respectfully refers to the MLPA for an accurate depiction of its contents and for this Court's interpretation.

32. Denies the allegations contained in paragraph 32 of the Complaint and respectfully refers to the MLPA for an accurate depiction of its contents and refers the MLPA and all questions of law to this Court's interpretation.

33. Denies the allegations contained in paragraph 33 of the Complaint and respectfully refers to the MLPA for an accurate depiction of its contents and for this Court's interpretation.

34. Denies the allegations contained in paragraph 34 of the Complaint.

35. Denies the allegations contained in paragraph 35 of the Complaint.

36. Denies the allegations contained in paragraph 36 of the Complaint and respectfully refers to the MLPA for an accurate depiction of its contents and for this Court's interpretation.

## **COUNTERCLAIM – BREACH OF CONTRACT**

37. Since November 30, 2021, Sprout, and PRMI Trust ("PRMI") were parties to a certain Mortgage Loan Purchase Agreement ("MLPA") under which Sprout agreed to sell, and PRMI agreed to purchase, certain residential mortgage loans.

38. Pursuant to the terms of the MLPA, Plaintiff MBIN, as assignee of PMRI, is obligated to purchase certain groups of whole loans or groups of whole loans on various closing dates.

39. Pursuant to the terms of the MLPA, Sprout agreed to sell, transfer, assign, set over and convey to all of Sprout's rights, title and interest to certain mortgage loans in such amounts as agreed by Sprout and MBIN.

40. On or about May 26, 2022, MBIN issued to Sprout a Lock Confirmation that determined the pricing for a certain loan to borrowers Joshua and Hayley Yates (the "Yates Loan") in the original loan amount of $791,912, at an agreed price of 102.376. A true and accurate copy of the Lock Confirmation for the Yates Loan is annexed hereto as **Exhibit 1**.

41. MBIN's acceptance of Sprout's offer to sell and MBIN to buy the Yates Loan at an agreed upon price, subject to specific conditions formed a binding and enforceable agreement.

5

42. Contrary to the terms of the MLPA and the Lock Confirmation, MBIN failed to complete the purchase of the Yates Loan and never remitted the approximately $810,000 owed to Sprout for said loan trade commitment.

43. As a result of MBIN's breach, Sprout has suffered real damages in an amount to be determined by this Court.

44. Without assuming the burden of proof where it otherwise rests with Plaintiff, pleads the following affirmative defenses to the claims alleged in the Complaint:

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

45. Plaintiff fails, in whole or in part, to state claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

46. Plaintiff's claims are barred because Plaintiff breached its obligations under the MLPA.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

47. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, acquiescence, and/or ratification.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

48. Defendant contends that any recovery by Plaintiff be offset by the amount owed to Defendant resulting from breaches of the same agreement.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

49. Defendant hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of, discovery in this action and hereby reserves its right to amend this answer to assert such a defense.

WHEREFORE, Defendants Sprout Mortgage, LLC respectfully requests that the claims asserted against it in the Complaint be denied and that judgment be entered in favor of Sprout

Mortgage LLC in an amount to be determined by this Court, together with an award for costs and attorney's fees and any other relief the Court deems just.

Dated: Uniondale, New York
January 11, 2023

                                        Respectfully Submitted,

                                        FORCHELLI DEEGAN TERRANA LLP

                                        By: /s/ Nathan R. Jones
                                              Nathan R. Jones
                                              333 Earle Ovington Blvd, Suite 1010
                                              Uniondale, New York 11553
                                              (516) 248-1700
                                              *Attorneys for Defendans*

To:

SEYFARTH SHAW LLP
Eddy Salcedo
Matthew Catalano
620 Eighth Avenue
New York, New York 10018
(212) 218-5500

DINSMORE & SHOHL
John D Waller
David Patton
211 N. Pennsylvania St.
One Indiana Square, Suite 1800
Indianapolis, Indiana 46204
(317) 639-6151

*Attorneys for Plaintiff*